UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHEIK HASAN-EL #163990,

        Plaintiff,                        Case No. 2:06-cv-264

v.                                                Honorable Robert Holmes Bell

UNITED STATES OF AMERICA, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff Sheik Hasan-El, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants United States of America (USA), Michigan Governor's Office, Michigan State Police, Unknown Parties named as County Sheriff's Departments, Unknown Parties named as Cities and Township Departments of Police, the Michigan Department of Corrections (MDOC), MDOC Administration, Unknown Parties named as "All Eighty Four Counties, et al Maximum Correctional Facilities," Unknown Parties named as Michigan Department of State Personnel, Michigan Department of Agriculture, Unknown Parties named as "Counties and Cities Zoos," Michigan Department of National Guardsmen, United States Department of Homeland Security, Michigan Department of Public Health, Michigan Department of Education, Michigan Department of Civil Rights, Michigan Department of Transportation, and the Michigan Attorney General.

Plaintiff's complaint is incoherent and written in a stream of consciousness fashion.[1] Plaintiff claims that Defendants are responsible for many slurs and misdeeds against the "Moors." Plaintiff has also filed a motion for a temporary restraining order, in which he claims that Hearing Officer McBurney is going to destroy pending court papers and religious property which is contained in two duffel bags. Plaintiff seeks damages, as well as declaratory and injunctive relief.

---

[1] The Clerk's Office shall not scan the exhibits to Plaintiff's complaint because they are too voluminous.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff names the Michigan Governor's Office, the Michigan State Police, the Michigan Department of Corrections (MDOC), MDOC Administration, Michigan Department of State Personnel, the Michigan Department of Agriculture, the Michigan Department of National Guardsmen, the Michigan Department of Public Health, the Michigan Department of Education, the Michigan Department of Civil Rights, the Michigan Department of Transportation, and the Michigan Attorney General. Plaintiff may not maintain a § 1983 action against these defendants. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979),

and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Michigan Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. April 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Michigan Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Board of Regents*, 535 U.S. 613 (2002) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the undersigned recommends dismissal of the state entity defendants.

Plaintiff also sues Defendants Unknown Parties named as County Sheriff's Departments, Unknown Parties named as Cities and Township Departments of Police, Unknown Parties named as "All Eighty Four Counties, et al Maximum Correctional Facilities," and Unknown Parties named as "Counties and Cities Zoos." Counties may only liable under § 1983 when their policy or custom causes the injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). The undersigned notes that Plaintiff's complaint consists solely of rambling and vague allegations. Plaintiff's complaint does not allege that the defendant counties operated pursuant to an unconstitutional policy or custom requiring the mistreatment of Plaintiff. Nor does the complaint allege that the county entities were responsible for any improper actions or inactions taken by their employees. Even if employees of the counties did violate Plaintiff's constitutional rights, they cannot be held responsible for their conduct under Section 1983 simply

because the counties employed them. *Watson*, 40 Fed. Appx. at 89 (*citing Monell*, 436 U.S. at 691, 98 S. Ct. at 2036 and *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997), *cert. denied*, 523 U.S. 1118, 118 S. Ct. 1796 (1998)). Therefore, Plaintiff's complaint is properly dismissed as being without merit.

Plaintiff also names Unknown Parties named as "Cities and Township Departments of Police" as defendants in this case. Eleventh Amendment immunity does not protect the municipalities from liability under Section 1983. However, generally, a municipality cannot be held liable under Section 1983 under a theory of respondeat superior; rather, a plaintiff must plead and prove an injury caused by an action taken "pursuant to official municipal policy of some nature." *Emery v. City of Toledo*, 178 F.3d 1294, 1999 WL 196533, **3 (6th Cir. 1999) (unpublished) (*citing Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 691 (1978)). Nowhere has Plaintiff alleged such official policy that would support his claim against the "Cities and Township Departments of Police."

Finally, the undersigned notes that Plaintiff names the United States of America and the United States Department of Homeland Security as defendants. However, Plaintiff fails to specify any factual allegations indicating that these Defendants are responsible for harm caused to Plaintiff during his incarceration. Therefore, because Plaintiff fails to allege any basis for a claim against these Defendants, the undersigned recommends that they be dismissed from this action.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be

adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g). Moreover, should the court adopt the report and recommendation in this case, Plaintiff's motion for a temporary restraining order (docket #2) is properly denied as moot.

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 7, 2006

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).